## *VIRGINIA:*

*In the Supreme Court of Virginia held at the Supreme Court Building in the City of Richmond on* Friday *the* 18th *day of* October, 2002.

James Michael McDaniel,                                         Appellant,

  against     Record No. 020114
               Court of Appeals No. 1055-01-3

Commonwealth of Virginia,                                       Appellee.

Upon an appeal from a judgment rendered by the Court of Appeals of Virginia on the 20th day of December, 2001.

Upon consideration of the record, briefs, and argument of counsel, the Court is of opinion that there is no error in the judgment appealed from.

McDaniel argues that the trial court erred in finding that the handgun found in his possession while he also possessed cocaine fits the definition of a "firearm" pursuant to Code § 18.2-308.4. McDaniel maintains that the handgun in question is a rare 7.62 millimeter Model 52 Czechoslovakian handgun manufactured during the World War I era. He further contends that there is no ammunition readily available for the weapon, which renders it so obsolete that it can be no longer classified as a firearm.

At trial, the arresting police officer testified that the weapon was "a 9 millimeter," and the officer testified that he used a 9 millimeter blank to test it.

In Armstrong v. Commonwealth, 263 Va. 573, 584, 562 S.E.2d 139, 145 (2002), we held that in order to be convicted of being a felon in possession of a firearm, "the evidence need show only that a person subject to the provisions of that statute possessed an instrument which was designed, made, and intended to expel a projectile by means of an explosion." The Commonwealth need not show that the "instrument was 'operable,' 'capable' of being fired, or had the 'actual capacity to do serous harm.' " Id. We cannot say that the trial court's judgment was plainly wrong or without evidence to support McDaniel's convictions under Code § 18.2-308.4.

In his brief, McDaniel also argues that the trial court erred because he lacked the knowledge of the nature and character of the weapon, and consequently, lacked the necessary mens rea to be convicted of possession of a firearm pursuant to Code § 18.2-308.4. At oral argument, McDaniel conceded that his assignment of error did not encompass this argument. We will not consider it. Rule 5:17.

Accordingly, the judgment of the Court of Appeals is affirmed. The appellant shall pay to the appellee thirty dollars damages. This order shall be certified to the Court of Appeals of Virginia and to the Circuit Court of the City of Lynchburg and shall be published in the Virginia Reports.

A Copy,

Teste:

David B. Beach,
Clerk