COURT OF APPEALS OF VIRGINIA

Present:  Judges Frank, Kelsey and Senior Judge Willis
Argued at Chesapeake, Virginia


LAFATE KINGSBUR, III
                                        OPINION BY
v.    Record No. 0334-02-1        JUDGE D. ARTHUR KELSEY
                                        APRIL 15, 2003
COMMONWEALTH OF VIRGINIA

        FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
                   Dean W. Sword, Jr., Judge

        Charles B. Lustig, Assistant Public Defender
        (Office of the Public Defender, on brief),
        for appellant.

        Kathleen B. Martin, Assistant Attorney
        General (Jerry W. Kilgore, Attorney General,
        on brief), for appellee.


     The trial court convicted Lafate Kingsbur, III, of possession

of a firearm by a convicted felon in violation of Code

§ 18.2-308.2.  Kingsbur contends that the evidence failed to prove

that the handgun he possessed constituted a "firearm" within the

meaning of the statute.  Finding no error, we affirm the trial

court.

                              I.

     On appeal, we review the evidence "in the light most

favorable to the Commonwealth."  Morrisette v. Commonwealth, 264

Va. 386, 389, 569 S.E.2d 47, 50 (2002).  That principle requires

us to "discard the evidence of the accused in conflict with that

of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences that may be drawn therefrom." Holsapple v. Commonwealth, 39 Va. App. 522, 528, 574 S.E.2d 756, 758-59 (2003) (en banc) (citation omitted); see also Wactor v. Commonwealth, 38 Va. App. 375, 380, 564 S.E.2d 160, 162 (2002).

Kingsbur was convicted in 1982 for attempted armed robbery. On October 31, 2002, two officers of the Portsmouth Police Department observed Kingsbur trespassing on Portsmouth Redevelopment and Housing Authority property. One of the officers had previously warned Kingsbur about trespassing. As they approached Kingsbur, both officers observed him holding a plastic bag. One of the officers saw Kingsbur putting the bag down next to a trash receptacle. The officer retrieved the bag and found a Davis Model P-32, .32 caliber, chrome handgun in the bag. The officers arrested Kingsbur for possession of a firearm by a convicted felon under Code § 18.2-308.2.

Kingsbur claimed that he found the handgun lying in the street adjacent to Prentis Park and that "the chambers just fell off of it" when he picked it up. Kingsbur nonetheless thought the handgun sufficiently dangerous, as he explained to the officers, to "get rid of it" because he "didn't want no kid to get ahold of it." When the officers asked Kingsbur if he "knew he was not supposed to have the gun," Kingsbur replied "of course, I knew,

-

but I just didn't want to leave it there and a child might have gotten ahold of it."

At a bench trial on an indictment charging Kingsbur under Code § 18.2-308.2, the trial court received into evidence a certificate of analysis stating that the handgun was missing enough internal parts to render it inoperable and incapable of being test fired.[1]  On this ground, Kingsbur moved to strike the Commonwealth's evidence.  The trial judge denied the motion, ruling that our opinion in Armstrong v. Commonwealth, 36 Va. App. 312, 549 S.E.2d 641 (2001) (en banc), rendered the question of the firearm's operability a non-issue.  Noting that the Virginia Supreme Court had agreed to review Armstrong, Kingsbur preserved his objection pending the outcome of that appeal.

### II.

On April 19, 2002, the Virginia Supreme Court affirmed our decision in Armstrong.  "It is not necessary," the Court held, "that the Commonwealth prove the instrument was 'operable,' 'capable' of being fired, or had the 'actual capacity to do serious harm'" to obtain a conviction under Code § 18.2-308.2. Armstrong v. Commonwealth, 263 Va. 573, 584, 562 S.E.2d 139, 145 (2002).  Instead, the Commonwealth need only prove the firearm was

---

[1] The handgun was missing the disconnector, cam, firing pin, sear, firing pin retainer, firing pin spring, recoil spring, sear spring, disconnector spring, and buffer.

"designed, made, and intended to expel a projectile by means of an explosion." Armstrong, 263 Va. at 584, 562 S.E.2d at 145. The statute nowhere requires a showing that the firearm can actually be fired. It is enough, Armstrong held, that the firearm was designed, made, and intended to be fired. See also McDaniel v. Commonwealth, 264 Va. 429, 574 S.E.2d 234 (2002).

Kingsbur points out, however, that dicta in Armstrong noted that a firearm "could fall into a state of such significant disrepair or be altered in such a way that it would cease to be a 'firearm' for purposes of applying Code § 18.2-308.2." Armstrong, 263 Va. at 584, 562 S.E.2d at 145. "Common sense and experience leave no room for doubt that an instrument originally designed, made, and intended to expel a projectile by force of an explosion can lose this characteristic in many ways such that it would no longer be fairly considered a firearm." Id. at 584 n.6, 562 S.E.2d at 145 n.6. The Court, however, expressed no opinion "on the degree of disrepair or alteration" that would be required. Id.

Kingsbur concedes that the firearm he possessed was designed, made, and intended to be fired. Even so, Kingsbur argues, the firearm had fallen into such a state of disrepair that it could no longer be fairly considered a firearm under the statute. We hold that the issue raised in the Armstrong dicta, and relied upon here by Kingsbur, is a question of fact for the fact finder. As such, it must be upheld unless "plainly wrong or without evidence to

-

support it."  Pease v. Commonwealth, 39 Va. App. 342, 350, 573 S.E.2d 272, 275 (2002) (en banc) (citations omitted); see also McGee v. Commonwealth, 25 Va. App. 193, 197-98, 487 S.E.2d 259, 261 (1997) (en banc).

The evidence supports the conclusion that the handgun possessed by Kingsbur had not lost its character as a firearm. The Davis Model P-32, .32 caliber handgun was readily identifiable as a "gun" by Kingsbur, the police officers, a forensic scientist, and the trial judge.  The weapon obviously had not lost its visual characteristics as a firearm.  To be sure, Kingsbur was concerned enough about the firearm being perceived to be a firearm that (according to his own testimony) he saw the need to keep it from getting into the hands of children, and also knew that, as a convicted felon, he could not legally possess it.

Moreover, the handgun had not been altered, disfigured, or damaged in any way.  True, it could not be fired.  But that was because of missing —— and thus potentially replaceable —— internal parts, not because of any irreversible physical disfigurement severe enough to change the character of the object into something other than a firearm.  As in Armstrong, 263 Va. at 585, 562 S.E.2d at 146, the very evidence that the handgun "was inoperable indicates that it could have been repaired" and rendered functional by simply replacing those missing parts.

-

III.

The trial court did not err in finding that the Davis Model P-32 handgun possessed by Kingsbur, a convicted felon, constituted a "firearm" under Code § 18.2-308.2.  We thus affirm the trial court's judgment.

Affirmed.