Present:  All the Justices

LAFATE KINGSBUR, III

v.  Record No. 031016      OPINION BY JUSTICE ELIZABETH B. LACY
                                   March 5, 2004
COMMONWEALTH OF VIRGINIA

FROM THE COURT OF APPEALS OF VIRGINIA

Lafate Kingsbur, III, appeals the judgment of the Court of Appeals affirming his conviction for possession of a firearm by a convicted felon in violation of Code § 18.2-308.2.  Kingsbur contends that the Commonwealth failed to prove beyond a reasonable doubt that the handgun he possessed qualified as a firearm under the statute.  Because we conclude that the trial court's factual determination that the handgun was a firearm was not plainly wrong or without evidence to support it, we will affirm the judgment of the Court of Appeals.

FACTS

On the evening of October 1, 2001, two officers of the Portsmouth Police Department saw Kingsbur outside Swanson Homes, a Portsmouth housing project.  One of the officers saw a white grocery bag "wrapped up" in Kingsbur's hand.  When the officers approached, Kingsbur put the bag down next to a trash can.  The officers told Kingsbur that he was under arrest for trespassing.

Suspecting that Kingsbur had a weapon or drugs, the officers retrieved the white bag and found a handgun inside. Kingsbur told the officers he had found the gun in a park earlier and was "trying to find somewhere to throw it down." Kingsbur testified that he wanted to dispose of the handgun because he did not want it to fall into a child's hands and that he knew the gun did not work because the "chambers . . . fell off" when he picked up the gun. He also testified that he put the gun down by the trash can because he did not want to get caught with it. There were no bullets in the gun. Kingsbur was charged with a violation of Code § 18.2-308.2.

The certificate of analysis admitted as an exhibit at Kingsbur's bench trial stated that the gun was a Davis Industries, Model P-32, .32 caliber automatic pistol. The certificate also stated that the pistol "does not function and could not be test fired" because there were ten missing parts. Kingsbur argued that the handgun's state of disrepair rendered it inoperable and, therefore, that the Commonwealth failed to show that the handgun he possessed was a firearm within the meaning of Code § 18.2-308.2.

The trial court applied the Court of Appeals' opinion in Armstrong v. Commonwealth, 36 Va. App. 312, 549 S.E.2d 641 (2001) (en banc). In that opinion, the Court of Appeals held that for purposes of Code § 18.2-308.2 a "firearm" was an

instrument "made with the purpose to expel a projectile by gunpowder or other explosion" and that proof of present operability was not required.  Id. at 321-22, 549 S.E.2d at 645-46.  Accordingly, the trial court rejected Kingsbur's motion to strike the Commonwealth's evidence based on the inoperability of the handgun.  Kingsbur was convicted of possession of a firearm by a convicted felon and sentenced to five years in prison.

The Court of Appeals affirmed Kingsbur's conviction based on this Court's opinion in Armstrong v. Commonwealth, 263 Va. 573, 584, 562 S.E.2d 139, 145 (2002).  Kingsbur v. Commonwealth, 40 Va. App. 307, 311, 579 S.E.2d 357, 359 (2003).

DISCUSSION

Kingsbur argues here, as he did in the Court of Appeals, that the trial court should have granted his motion to strike the Commonwealth's evidence because the evidence failed to show that Kingsbur possessed a firearm within the meaning of Code § 18.2-308.2.  Kingsbur asserts that, under this Court's opinion in Armstrong, a firearm that has lost the characteristic of firing a projectile by means of an explosion is no longer a firearm for purposes of the statute.  Here the evidence showed that the handgun at issue could not be test fired, did not function, was missing parts, and "came apart"

3

in Kingsbur's hands when he first picked it up.  These facts, Kingsbur asserts, show that the handgun was in such a state of disrepair that it ceased to function as a firearm within the meaning of Code § 18.2-308.2.  Kingsbur also asserted that it was the burden of the Commonwealth to prove that the handgun had not lost its characteristics as a firearm.

In Armstrong, we approved the holding of the Court of Appeals that a firearm is an instrument which was "designed, made, and intended to expel a projectile by means of an explosion."  263 Va. at 585, 562 S.E.2d at 146.  In a footnote we stated:

> Common sense and experience leave no room for
> doubt that an instrument originally designed,
> made, and intended to expel a projectile by force
> of an explosion can lose this characteristic in
> many ways such that it would no longer be fairly
> considered a firearm.

Id. at 584 n.6, 562 S.E.2d at 145 n.6.  This statement, upon which Kingsbur relies, refers to exceptional circumstances and not simply a showing of disrepair that might preclude expelling a projectile by explosion at a particular point in time.  Id. at 584, 562 S.E.2d at 146.

Contrary to Kingsbur's assertions, the Commonwealth did not have the burden of disproving that the handgun lost its characteristics as a firearm.  The Commonwealth had the burden of presenting prima facie evidence on all elements of the

4

crime charged and, once the Commonwealth met that burden, Kingsbur had the option of presenting evidence raising a reasonable doubt regarding one or more of those elements. However, the ultimate burden of persuasion always remained on the Commonwealth and if, considering the evidence as a whole, both for the Commonwealth and Kingsbur, there existed a reasonable doubt of his guilt, he was entitled to be acquitted of the offense.  See Dobson v. Commonwealth, 260 Va. 71, 74-75, 531 S.E.2d 569, 571 (2000); Hodge v. Commonwealth, 217 Va. 338, 342, 228 S.E.2d 692, 695 (1976).

We therefore turn to Kingsbur's challenge to the sufficiency of the evidence.  Applying well-known principles of appellate review, we view the evidence in the light most favorable to the Commonwealth and will not set aside the verdict unless it is plainly wrong or without evidence to support it.  Beavers v. Commonwealth, 245 Va. 268, 281-82, 427 S.E.2d 411, 421 (1993).

Here, the Commonwealth was required to prove beyond a reasonable doubt that the handgun in Kingsbur's possession was designed, made, and intended to fire or expel a projectile by means of an explosion.  It was not obligated to prove that the handgun was operable.  Armstrong, 263 Va. at 584, 562 S.E.2d at 145.  The certificate of analysis identified the specific model of the handgun.  Kingsbur considered it a handgun

because he did not want a child to "[get] ahold of it" and, as a convicted felon, he knew he should not get caught with it. This evidence supports a finding that the handgun Kingsbur possessed was designed, made, and intended to expel a projectile by means of an explosion.

The evidence Kingsbur cites to support his position falls far short of the exceptional circumstance identified in Armstrong. The evidence of inoperability because of the missing parts indicates in this case, as it did in Armstrong, that the handgun could have been repaired. Id. at 584, 562 S.E.2d at 146. Kingsbur's testimony that the chambers of the handgun "just fell off of it" is insufficient to support a finding that the handgun in question lost its characteristic as a firearm. Furthermore, the arresting officer testified that the handgun appeared to be "intact," and the certificate of analysis did not reflect that the handgun was in more than one piece.

For the above reasons, we hold that the trial court did not err in concluding that the handgun in issue was a firearm for purposes of Code § 18.2-308.2 and in refusing to grant Kingsbur's motion to strike.

Accordingly the judgment of the Court of Appeals is affirmed.

                                                    Affirmed.

6