COURT OF APPEALS OF VIRGINIA

Present:   Judges Humphreys, Felton and Kelsey
Argued at Richmond, Virginia


TIMOTHY WAYNE SPROUSE

                                        MEMORANDUM OPINION* BY
v.        Record No. 2438-03-2              JUDGE D. ARTHUR KELSEY
                                             FEBRUARY 8, 2005

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE
James E. Kulp, Judge Designate

James Hingeley, Public Defender, for appellant.

Steven A. Witmer, Assistant Attorney General (Jerry W. Kilgore,
Attorney General, on brief), for appellee.


Timothy Wayne Sprouse was convicted of possession of a firearm while simultaneously

possessing cocaine in violation of Code § 18.2-308.4.  Sprouse appeals, arguing only that the

handgun he possessed lacked several critical parts and relied on a piece of camouflaged cloth to

hold the slide action onto the barrel's metal frame.  The handgun had fallen into such a state of

disrepair, Sprouse contends, that it could no longer constitute a "firearm" as a matter of law.  We

disagree and affirm his conviction.

As the Virginia Supreme Court has explained, "the General Assembly intended to include

any instrument designed, made, and intended to fire or expel a projectile by means of an

explosion within the definition of a firearm."  Armstrong v. Commonwealth, 263 Va. 573, 583,

562 S.E.2d 139, 145 (2002) (addressing the definition of "firearm" under Code § 18.2-308.2);

McDaniel v. Commonwealth, 264 Va. 429, 429, 574 S.E.2d 234, 234 (2002) (applying

_____

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

*Armstrong* to the definition of "firearm" under Code § 18.2-308.4). The Commonwealth need only prove that the handgun "was designed, made, and intended to expel a projectile by means of an explosion." *Morris v. Commonwealth*, 269 Va. ___, ___, 605 S.E.2d ___, ___ (2005) (defining "firearm" under Code § 18.2-308.2). The Commonwealth need not "prove that the handgun was operable." *Kingsbur v. Commonwealth*, 267 Va. 348, 352, 593 S.E.2d 208, 210 (2004), *aff'g* 40 Va. App. 307, 579 S.E.2d 357 (2003).

A weapon originally manufactured to be a firearm can later cease to be so as a result of disfiguring alterations or some other "exceptional circumstance" which causes it to lose "its characteristic as a firearm." *Kingsbur*, 267 Va. at 351, 593 S.E.2d at 210; *Armstrong*, 263 Va. at 584 n.6, 562 S.E.2d at 145 n.6. Whether such a transformation has taken place, however, is a "question of fact for the fact finder." *Kingsbur*, 40 Va. App. at 310, 579 S.E.2d at 359.

In this case, police officers used a confidential informant to purchase a "gun" from Sprouse. A videotape captured Sprouse making the sale to the informant. After the informant returned the weapon to the officers, they immediately recognized the "small chrome handgun" as a "semiautomatic" containing a loaded magazine. Later examination identified the handgun as a "Davis Industries Model P-380 caliber 380 Auto semiautomatic pistol." A police firearms expert test fired the handgun after replacing the missing parts. The trial court examined the handgun, along with its camouflaged cloth, and concluded it had not been altered or disfigured in any way sufficient to convert it into something other than a firearm.

The evidence amply supports the rationality of the trial court's factual findings. *See Kingsbur*, 267 Va. at 351, 593 S.E.2d at 209 (affirming the finding that handgun was a firearm even though "it could not be test fired, did not function, was missing parts, and 'came apart' in Kingsbur's hands when he first picked it up"). We thus affirm the trial court's judgment.

Affirmed.