COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Felton, Judges Elder and Petty
Argued at Salem, Virginia


AUSHAD LAQUE SEWARD, S/K/A
  ASHAAD LAQUE SEWARD
                                                  MEMORANDUM OPINION* BY
v.        Record No. 0215-09-3                CHIEF JUDGE WALTER S. FELTON, JR.
                                                      DECEMBER 22, 2009
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
                            Mosby G. Perrow, III, Judge

            William F. Quillian III (William F. Quillian III, P.C., on brief), for
            appellant.

            Leah A. Darron, Senior Assistant Attorney General (William C.
            Mims, Attorney General, on brief), for appellee.


        Following a bench trial, Aushad Laque Seward ("appellant") was convicted of possession of

a firearm by a convicted violent felon in violation of Code § 18.2-308.2 and possession of a firearm

while in possession of cocaine in violation of Code § 18.2-308.4.  He contends the trial court erred

in finding the evidence sufficient to prove that he possessed a firearm.[1]  For the following reasons,

we affirm the judgment of the trial court.

                                      BACKGROUND

        On appeal, "[w]here the issue is whether the evidence is sufficient, we view the evidence

in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly

_____

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] Appellant was also convicted of possession of cocaine in violation of Code § 18.2-250
and failure to stop for police in violation of Code § 46.2-817.  Only the firearm charges are
before us on this appeal.  Appellant does not contest that the evidence was sufficient to prove
that he possessed a controlled substance and was a convicted violent felon.

deducible therefrom." Sandoval v. Commonwealth, 20 Va. App. 133, 135, 455 S.E.2d 730, 731 (1995). "The judgment of the trial court is presumed to be correct and will be reversed only upon a showing that it is 'plainly wrong or without evidence to support it.'" Viney v. Commonwealth, 269 Va. 296, 299, 609 S.E.2d 26, 28 (2005) (quoting Code § 8.01-680).

The evidence at trial proved that in the early morning hours of June 24, 2008, Officer Clark of the Lynchburg Police Department observed appellant obtaining gas at a 7-Eleven. When he checked the car's license plate, he discovered the registered owner had a suspended driver's license. Appellant, who was driving the car, matched the physical description of the registered owner of that car. Officer Clark, driving a marked police car, followed the car driven by appellant briefly before activating his emergency lights. When appellant did not stop, the officer turned on his siren. After passing several intersections, appellant pulled over. He and his passenger immediately got out of the car. Officer Clark observed appellant reach back inside the car and make a "throwing motion." He pulled appellant from the car and placed him in handcuffs.

Officer Clark searched appellant and the car he had been driving. He found a folded one-dollar bill containing an off-white powder resembling cocaine in appellant's pants pocket. In plain view on the front passenger floorboard of the car, Officer Clark found the frame of a "Harrington Richards revolver," as well as the cylinder for the revolver that was fully loaded with six rounds of ammunition. He found a revolver cylinder pin nearby in the middle of the front seat.

When Officer Clark asked appellant if his DNA was on the gun, appellant stated that "it would come back on the frame, the cylinder, and the bullets but not on the cylinder pin." Appellant told the officer that he had last seen the gun in the back seat of the car and believed his "little [ten- or thirteen-year-old] nephew" had left it there. He also told the officer that he did not know how the firearm he had seen in the back seat got to the front passenger floorboard of the

car, but denied that he put it there. Officer Clark removed the revolver components from the car. He marked that evidence with a unique case number, "2008 40332," and placed it in evidence storage at the police department using that case number.

At trial, police Lieutenant Williams testified, without objection, that he retrieved an "H&R model 622 revolver" bearing case number "2008 40332" from evidence storage at the police department. He was unable to recall at trial whether he assembled the revolver or whether it was already assembled when he obtained it "from police department evidence."[2] Thereafter, Lieutenant Williams twice successfully test fired the revolver.

The trial court heard Lieutenant Williams' testimony and admitted photographs of the revolver components found in appellant's car into evidence, without objection. The revolver components recovered from appellant's car were collectively referred to during the trial, without objection, as a "handgun," "gun," "revolver," "firearm," and "weapon."

After initially taking under advisement the question of whether the three components constituted a firearm within the meaning of Code §§ 18.2-308.2 and 18.2-308.4, the trial court convicted appellant of violating those code sections.

ANALYSIS

On appeal, appellant contends the trial court erred in finding the evidence sufficient to prove that he possessed a firearm. He argues that the revolver frame, cylinder, and cylinder pin found in his car did not constitute a firearm within the meaning of Code §§ 18.2-308.2 and 18.2-308.4, and asserts that there was a vital break in the chain of custody from the revolver

---

[2] Lieutenant Williams noted that he had experience with this type of revolver, though he had never dismantled one.

components found in his car to the revolver test fired by Lieutenant Williams. We find appellant's arguments to be without merit.[3]

"When determining the sufficiency of the evidence, we consider all admitted evidence, including [any] evidence appellant . . . asserts was inadmissible." Lunsford v. Commonwealth, 54 Va. App. ___, ___, 683 S.E.2d 831, 833 (2009) (citing Sprouse v. Commonwealth, 53 Va. App. 488, 493, 673 S.E.2d 481, 483 (2009)).

To sustain convictions under Code §§ 18.2-308.2[4] and 18.2-308.4,[5] "the evidence need show only that a person subject to the provisions of [each] statute possessed an instrument which was designed, made, and intended to expel a projectile by means of an explosion." Armstrong v. Commonwealth, 263 Va. 573, 584, 562 S.E.2d 139, 145 (2002) (definition of "firearm" under Code § 18.2-308.2); accord McDaniel v. Commonwealth, 264 Va. 429, 429, 574 S.E.2d 234, 234 (2002) (applying Armstrong to definition of "firearm" under Code § 18.2-308.4); see also Kingsbur v. Commonwealth, 267 Va. 348, 351, 593 S.E.2d 208, 209 (2004) (handgun did not lose its characteristic as a firearm even though it "could not be test fired, did not function, was missing parts, and 'came apart' in [accused's] hands when he first picked it up").

---

[3] In his motion to strike the Commonwealth's evidence, appellant argued for the first time that there was a break in the chain of custody of the component revolver parts discovered in the car and the assembled revolver that was test fired. However, he never objected to the admissibility of the evidence when it was presented. "'[A] litigant may not, in a motion to strike [the evidence], raise for the first time a question of admissibility of evidence. Such motions deal with the sufficiency rather than the admissibility of evidence.'" Bitar v. Rahman, 272 Va. 130, 140, 630 S.E.2d 319, 325 (2006) (second alteration in original) (quoting Woodson v. Commonwealth, 211 Va. 285, 288, 176 S.E.2d 818, 821 (1970)).

[4] "It shall be unlawful for . . . any person who has been convicted of a felony . . . to knowingly and intentionally possess or transport any firearm or ammunition for a firearm . . . ." Code § 18.2-308.2.

[5] "It shall be unlawful for any person unlawfully in possession of a controlled substance . . . to simultaneously with knowledge and intent possess any firearm." Code § 18.2-308.4.

- 4 -

Here, the evidence at trial proved that appellant was seen driving the car in which a "Harrington Richards revolver" frame, a cylinder for a revolver loaded with six rounds of ammunition, and a revolver cylinder pin were found in the front passenger compartment in plain sight. Appellant, who just prior to being apprehended was reaching in his car making a "throwing motion," told police that he was aware that a firearm was in the car and that his DNA would be found on its frame, cylinder, and ammunition. The evidence was recovered and placed in evidence storage at the police department with a unique case identification number. Thereafter, an assembled "H&R model 622 revolver" bearing the same unique case number was twice successfully test fired.

In finding the evidence at trial sufficient to prove that appellant possessed a firearm in violation of Code §§ 18.2-308.2 and 18.2-308.4, the trial court stated, "[T]here's the gun, there's the cylinder, there's the ammunition, [appellant] says his DNA would be on all of that."

From the record on appeal, we conclude the evidence was sufficient to prove that appellant, a convicted violent felon found in possession of cocaine, possessed a firearm, "an instrument which was 'designed, made, and intended to expel a projectile by means of an explosion,'" within the meaning of Code §§ 18.2-308.2 and 18.2-308.4. Kingsbur, 267 Va. at 351, 593 S.E.2d at 209 (quoting Armstrong, 263 Va. at 585, 562 S.E.2d at 146). Accordingly, the trial court did not err in convicting appellant of violating Code §§ 18.2-308.2 and 18.2-308.4.

For the foregoing reasons, we affirm appellant's convictions.

Affirmed.