COURT OF APPEALS OF VIRGINIA

Present:   Judges Frank, Huff and Chafin
Argued at Chesapeake, Virginia


KAREEM DONTE BARLOW
                                                              OPINION BY
v.      Record No. 0666-12-1                         JUDGE ROBERT P. FRANK
                                                              APRIL 2, 2013
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
C. Peter Tench, Judge

Andrew J. Adams, Deputy Public Defender (Office of the Public
Defender, on brief), for appellant.

Susan Baumgartner, Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


Kareem Donte Barlow, appellant, was convicted, in a bench trial, of possession of a

firearm by a convicted felon, in violation of Code § 18.2-308.2.  On appeal, he contends the

evidence was insufficient because the firearm did not meet the definition of a firearm under the

code section.[1]  For the reasons stated, we affirm the judgment of the trial court.

BACKGROUND

Newport News Police Officer Jose Rosario responded to a report of shots fired.  When

Officer Rosario arrived at the scene, he saw appellant walking away from a group of people,

reaching towards his waistband.  As Rosario began walking towards appellant, appellant pulled a

dark object, which the officer identified as a firearm, from his waistband.

---

[1] Appellant does not contest he was in possession of the weapon.

Officer Rosario testified that once appellant produced the firearm, he spun around and ran through a row of bushes causing Rosario to momentarily lose sight of appellant. When Officer Rosario regained sight of appellant, appellant had nothing in his hands.

Officer Rosario found appellant hiding under the front end of a parked vehicle. Rosario identified appellant as the same individual he had earlier seen with the gun.

As he was chasing appellant, Officer Rosario advised other officers of the pursuit and that he had seen appellant with a firearm in his hand. Officer Vito responded and canvassed the path of appellant's flight. Officer Vito located a black firearm under a utility trailer. The officer did not touch the weapon. He alerted Officer Rosario that he had found the firearm, and he preserved the scene until Rosario arrived. A Glock pistol was found next to one tire. Behind another tire was a magazine loaded with five unspent .9mm cartridges that matched the Glock. The Glock was "somewhat rusty" and had no gun oil on it. The gun's barrel was missing, and officers were unable to locate it.

Officer Rosario, having been qualified as an expert in identifying firearms, testified that a person who is familiar with the .9mm Glock could remove the barrel fairly simply. Rosario further testified he had fired a .9mm Glock previously, and he opined that the weapon in question was designed, made, and intended to expel a projectile by explosion.

This appeal follows.

<u>ANALYSIS</u>

Appellant contends on appeal that the instrument found only consisted of components of a firearm and, as such, had lost its characteristics as an instrument designed, made, or intended to expel a projectile by means of an explosion. To support his argument, appellant points to the object's lack of a barrel and its rusty and unmaintained condition. He further contends that there was no testimony as to what other components of the Glock might have been missing. Whether

an object is a firearm, and whether the components have lost their identity as a firearm, are questions of fact. See Thomas v. Commonwealth, 25 Va. App. 681, 686, 492 S.E.2d 460, 463 (1997); see also Kingsbur v. Commonwealth, 267 Va. 348, 349, 598 S.E.2d 208, 209 (2004).

The thrust of appellant's argument is that the evidence did not prove that the object was an operable firearm. As such, when we consider his challenge to the sufficiency of the evidence:

> this Court reviews the evidence in the light most favorable to the prevailing party at trial and consider[s] all inferences fairly deducible from that evidence. This Court will only reverse the judgment of the trial court if the judgment is plainly wrong or without evidence to support it. If there is evidence to support the convictions, the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.

Clark v. Commonwealth, 279 Va. 636, 640-41, 691 S.E.2d 786, 788 (2010) (internal quotations and citations omitted.)

The sole issue in this analysis is at what stage does a weapon designed, made, or intended to expel a projectile lose its characteristics so that it ceases to fall under the provisions of Code § 18.2-308.2. Appellant does not contest the fact that the Glock was originally designed, made, or intended to expel a projectile by means of an explosion. Appellant further concedes, as he must, that operability is not an element of the offense. See Armstrong v. Commonwealth, 263 Va. 573, 584, 562 S.E.2d 139, 145 (2002) (concluding that to sustain a conviction under Code § 18.2-308.2, the Commonwealth need not prove the instrument was "operable," "capable" of being fired, or had the "actual capacity to do serious harm").

Appellant raises a number of tangential arguments: 1) that partially assembled firearms do not meet the requirement of the code provision; 2) that there was no forensic certificate in evidence and that the officer only conducted a cursory examination of the instrument, which was only an inspection of its outward condition; and 3) that there was no testimony as to the presence or absence of the weapon's internal components.

These arguments have all been rejected.  Arguments 2 and 3 were addressed in Jones v. Commonwealth, 277 Va. 171, 670 S.E.2d 727 (2009).  Jones argued, *inter alia*, that the Commonwealth only established that the weapon appeared, by its outward appearance, to be a firearm and that the Commonwealth did not offer a certificate of analysis confirming the weapon was designed, made, and intended to expel a projectile by means of an explosion.  In rejecting Jones's arguments, the Supreme Court of Virginia pointed to the officer's description that the instrument was a firearm, that the weapon was loaded with live ammunition, and that Jones told the officer he purchased the gun "on the street," as well as the trial court's examination of the gun, magazine, and bullets.  Id. at 182, 670 S.E.2d at 733-34.

As to appellant's argument that partially assembled firearms are not sufficient to support a conviction under Code § 18.2-308.2, the Supreme Court of Virginia addressed a similar issue in Kingsbur, 267 Va. 348, 593 S.E.2d 208.  There, police seized a gun in a grocery bag carried by the defendant.  Defendant told police he knew the gun did not work because the "chambers . . . fell off" when he picked up the gun.  Id. at 350, 593 S.E.2d at 209.  No bullets were in the weapon.  Kingsbur argued that because of the gun's state of disrepair, it had lost its characteristic of firing a projectile by means of explosion, i.e. it was no longer a firearm under Code § 18.2-308.2.  He also argued the Commonwealth bore the burden of proving the gun had not lost its characteristics as a firearm.  Id.

The Supreme Court of Virginia disagreed, holding:  "The Commonwealth had the burden of presenting *prima facie* evidence on all elements of the crime charged, and once the Commonwealth met the burden, Kingsbur had the option of presenting evidence raising a reasonable doubt regarding one or more of those elements."  Id. at 351, 593 S.E.2d at 210.

The Court went on to say that the fact that parts of the weapon were disassembled and in disrepair "falls far short of the exceptional circumstances identified in Armstrong.  The evidence

of inoperability because of the missing parts indicates in this case, as it did in <u>Armstrong</u>, that the handgun could have been repaired." <u>Id.</u> at 352, 593 S.E.2d at 210.

In <u>Armstrong</u>, the weapon in question was an inoperable .22 caliber rifle that had a faulty firing pin that prevented the rifle from firing. The Supreme Court of Virginia opined that an "instrument originally designed, made, and intended to expel a projectile by force of an explosion can lose this characteristic in many ways such that it would no longer be fairly considered a firearm." <u>Armstrong</u>, 263 Va. at 584 n.6, 562 S.E.2d at 145 n.6. However, the Court found such was not the case in <u>Armstrong</u>. The rifle

> could have been repaired by the adjustment of the spring between the trigger and the hammer or by adjustment of the firing pin. As such, the rifle was clearly not in so serious a state of disrepair that it had lost its characteristic as an instrument designed, made, and intended to expel a projectile by means of an explosion. It is irrelevant that Armstrong may have lacked the requisite skill to effect the needed repair or that he might not have been able to render the rifle immediately operable.

<u>Id.</u> at 584-85, 562 S.E.2d at 146.

The Court in <u>Armstrong</u> concluded the evidence was clearly sufficient to establish that the rifle was designed, made, and intended to expel a projectile by means of an explosion, and that is all the Commonwealth need prove to establish that it was a firearm within the meaning of the statute. <u>Id.</u> at 585, 562 S.E.2d at 146.

Here, the uncontroverted evidence is that the subject weapon was designed, made, and intended to expel a projectile by means of an explosion. Officer Rosario, who qualified as an expert in the identification of firearms and who had personal experience with a .9mm Glock so testified. He also testified the barrel of the gun could be replaced without great difficulty. In fact, he said, removing the barrel was part of the normal gun cleaning procedure. Further, a magazine loaded with five bullets was found in close proximity to the Glock. The bullets were consistent with those used in the Glock. In addition, the trial court had the opportunity to

observe and handle the gun in question. Therefore, the fact finder could reasonably infer that the firearm retained its characteristic as a firearm.

## CONCLUSION

The Commonwealth met its burden of proving the subject weapon was designed, made, and intended to expel a projectile by means of an explosion. There was no evidence that the Glock was in such a state of disrepair that it lost that characteristic.

We therefore affirm the judgment of the trial court.

Affirmed.