COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:  Judges Beales, O'Brien and Raphael


TAMAINE MONTAE DAVIS

                                                        MEMORANDUM OPINION*
v.        Record No. 0927-23-3                            PER CURIAM
                                                         MARCH 19, 2024
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
                              F. Patrick Yeatts, Judge

            (Brittany E. Roark; West Law Firm, PLC, on brief), for appellant.

            (Jason S. Miyares, Attorney General; Justin B. Hill, Assistant
            Attorney General, on brief), for appellee.


        Following a jury trial, Tamaine Montae Davis was convicted of violating Code

§ 18.2-308.2 by possessing a firearm while having been previously convicted of a felony.  On

appeal, Davis argues that the prosecution failed to prove that the item found in his possession

qualified as a "firearm" under the statute.  We disagree, finding that the evidence sufficed to

show that the weapon was "designed, made, and intended to fire or expel a projectile by means

of an explosion."  *Armstrong v. Commonwealth*, 263 Va. 573, 583 (2002).  We therefore affirm

his conviction.  And having examined the briefs and the record, the panel unanimously holds that

oral argument is unnecessary because "the dispositive issue or issues have been authoritatively

decided, and the appellant has not argued that the case law should be overturned, extended,

modified, or reversed."  Code § 17.1-403(ii)(b); Rule 5A:27(b).

---

        * This opinion is not designated for publication.  *See* Code § 17.1-413(A).

BACKGROUND

On a sufficiency challenge, "we review the evidence in the light most favorable to the Commonwealth, the prevailing party in the trial court." *Commonwealth v. Cady*, 300 Va. 325, 329 (2021). We "discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom." *Id.* (quoting *Commonwealth v. Perkins*, 295 Va. 323, 324 (2018)).

On September 3, 2022, Lynchburg Police Sergeant Morris responded to a call that a man was lying in the bushes near a gas station. Morris encountered Davis, whom she immediately recognized from previous interactions, standing in the parking lot. Morris knew that Davis had outstanding warrants for his arrest, so she radioed for more units and planned to arrest him.

As Morris approached Davis, he appeared "disoriented and dazed," as if he were under the influence of narcotics. Morris frisked Davis and found a gun lodged in the front waistband of his pants.[1] Morris "removed the magazine [of ammunition from the gun] and racked the slide to make [the gun] safe, and a round [came] out [of the chamber]." Morris identified the rounds to be live ammunition and recorded the gun's serial number.

Based on her training and experience, Sergeant Morris determined that the firearm's caliber was 9-millimeter and that the gun was "designed to propel a missile by means of force or explosion." As Morris cleared the firearm, other officers took Davis to another patrol car.

---

[1] Morris did not immediately activate her body-worn camera upon encountering Davis because she was more concerned for her safety and taking Davis into custody. But after she took Davis into custody, Morris activated the camera, which recorded her handling of the gun.

Davis was arrested and charged with knowingly and intentionally possessing a firearm after having been convicted of a violent felony, in violation of Code § 18.2-308.2.[2] Sergeant Morris testified at trial, and the footage from her body-worn camera was introduced into evidence. The Commonwealth also introduced a photograph of the gun. A copy of Davis's prior felony convictions was also entered into evidence.

After the Commonwealth rested, Davis moved to strike the evidence, arguing that the prosecution failed to prove that Davis possessed a firearm that was "designed to expel a projectile." The court denied the motion to strike, and the jury found Davis guilty. The trial court sentenced him to five years' incarceration. Davis noted a timely appeal.

ANALYSIS

We review a sufficiency challenge "in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible from the evidence." *Bondi v. Commonwealth*, 70 Va. App. 79, 87 (2019) (quoting *Cooper v. Commonwealth*, 31 Va. App. 643, 646 (2000) (en banc)). The relevant question is whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (quoting *Kelly v. Commonwealth*, 41 Va. App. 250, 257 (2003) (en banc)). We will not reverse the trial court unless its finding is "plainly wrong or without evidence to support it." *Id.*

Davis argues that the trial court erred when it denied his motion to strike because the Commonwealth failed to establish that he possessed a firearm. He says that the instrument had only the outward appearance of being a firearm. He claims that the Commonwealth failed to

---

[2] Davis was also indicted for possession of a Schedule I/II controlled substance (Code § 18.2-250) and possession of a firearm while in possession of a Schedule I/II controlled substance (Code § 18.2-308.4). The trial court granted the Commonwealth's motion to nolle pros those charges before trial.

present an expert witness or a certificate of analysis from a laboratory to prove that the weapon could expel a projectile. We are not persuaded.

Code § 18.2-308.2(A) makes it "unlawful for (i) any person who has been convicted of a felony . . . to knowingly and intentionally possess . . . any firearm." Our Supreme Court has held that the term "firearm" under Code § 18.2-308.2 means "any instrument designed, made, and intended to fire or expel a projectile by means of an explosion." *Armstrong*, 263 Va. at 583; *Murray v. Commonwealth*, 71 Va. App. 449, 457-58 (2020) (same). The Commonwealth need only show possession of such an instrument; "[i]t is not necessary that the Commonwealth prove the instrument was 'operable,' 'capable' of being fired, or had the 'actual capacity to do serious harm.'" *Jones v. Commonwealth*, 277 Va. 171, 183 (2009) (quoting *Armstrong*, 263 Va. at 584); *see Davis v. Commonwealth*, 79 Va. App. 123, 143 (2023) ("To constitute a firearm under [Code § 18.2-308.2], the item does not have to be operable at the time of the offense."). And "[w]hether an object is a firearm . . . [is a] question[] of fact." *Barlow v. Commonwealth*, 61 Va. App. 668, 670 (2013).

The evidence here sufficed for a reasonable fact finder to conclude that Davis possessed a firearm—an instrument designed to expel a projectile by means of an explosion. Sergeant Morris testified that, based on her training and experience, the instrument appeared to be a "9-millimeter" handgun designed to "propel a missile by means of force or explosion." Morris removed a live round of 9-millimeter ammunition from the chamber and a magazine of live ammunition. Footage from Sergeant Morris's body-worn camera depicted her rendering the weapon safe. And the jury viewed both a photograph of the firearm and the firearm itself at trial.

## CONCLUSION

Because the evidence sufficed for a rational fact finder to conclude that Davis possessed a firearm, we find no basis to set aside his conviction.

*Affirmed.*