Present:  Koontz, Kinser, Goodwyn, Millette, and Mims, JJ., and
Carrico and Lacy, S.JJ.

WINTERGREEN PARTNERS, INC.,
d/b/a WINTERGREEN RESORT

OPINION BY
v.  Record No. 091378          JUSTICE S. BERNARD GOODWYN
                               September 16, 2010
MCGUIREWOODS, LLP


        FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
               Melvin R. Hughes, Jr., Judge

    In this appeal concerning a legal malpractice action, we

consider whether the circuit court erred in ruling that the

client could not prove, as a matter of law, that the judgment

against it would have been reversed if a timely appeal had been

filed.

                            Background

    At the conclusion of a jury trial, the Circuit Court of

Albemarle County entered an $8.3 million judgment against

Wintergreen Partners, Inc. (Wintergreen), for damages arising

out of a skiing accident at its resort.  McGuireWoods, LLP

(McGuireWoods), as legal counsel for Wintergreen, filed a

notice of appeal for Wintergreen, but failed to ensure that the

trial transcripts were timely filed.  Because the issues on

appeal required consideration of the transcripts, this Court

dismissed Wintergreen's petition for appeal. Wintergreen

Partners, Inc. v. Grigg, Record No. 042956 (July 7, 2005)

(unpublished).

Wintergreen filed an action against McGuireWoods, its appellate counsel, in the Circuit Court for the City of Richmond, alleging legal malpractice. McGuireWoods filed a motion for summary judgment on the grounds that, as a matter of law, Wintergreen could not meet the standard for proving a valid legal malpractice claim. The circuit court granted summary judgment in favor of McGuireWoods. Wintergreen appeals.

On the night of January 20, 2003, Jessica Grigg (Grigg) was severely injured after crashing into a snow groomer as she descended the Eagles Swoop ski slope at Wintergreen Ski Resort. Wintergreen employees Brett Henyon (Henyon) and Jeffrey T. Eimutus (Eimutus) were transporting the snow groomer up the slope at the time of the collision.

Milton Grigg, as conservator for Grigg, filed an action against Wintergreen and its two employees, Henyon and Eimutus, in the Circuit Court of Albemarle County. The action alleged that Grigg was injured as the result of negligence on the part of Wintergreen and its two employees.

The jury was instructed on general negligence and premises liability theories of recovery. Instruction 13 stated, "Negligence is the failure to use ordinary care. Ordinary care is the care a reasonable person would have used under the circumstances of this case." Instruction 10A concerned the

2

principle of respondeat superior, stating that "[a]n employer is liable for all damages proximately caused by the negligence of its employees." Jury Instruction 16 provided the following regarding premises liability:

> Wintergreen was an occupant of the property on which Jessica Grigg was an invitee. An occupant of premises has the duty to an invitee:
>
> (1) To use ordinary care to have the premises in a reasonably safe condition for an invitee's use consistent with the invitation, but an occupant does not guarantee an invitee's safety; and
>
> (2) To use ordinary care to warn an invitee of any unsafe condition which the occupant knows, or by the use of ordinary care should know, unless the unsafe condition is open and obvious to a person using ordinary care for his or her own safety.
>
> If an occupant fails to perform either or both of these duties, then the occupant is negligent.

Wintergreen did not object to Instructions 10A, 13, or 16, but objected generally to all instructions on the grounds that the circuit court should have granted its previous motion to strike. Without objection, the jury was provided a verdict form that allowed the jury to indicate, separately for each of the three defendants, whether it found for or against that defendant.

The jury found for Henyon and Eimutus but against Wintergreen, awarding Grigg $8.3 million in compensatory damages against Wintergreen. Wintergreen challenged the verdict as inconsistent and filed a motion to set aside the

3

verdict or, in the alternative, for a new trial.  The circuit court denied the motion and entered judgment for Grigg against Wintergreen in the amount of $8.3 million.

## Analysis

Wintergreen's appeal of the underlying personal injury judgment was dismissed because of the failure to timely file transcripts of the trial with this Court.  This Court has stated that, with respect to legal malpractice claims involving an appeal, the standard of review "is whether the client can prove that, had a timely appeal been filed, as a matter of law the judgment against him would have been reversed . . . ." Goldstein v. Kaestner, 243 Va. 169, 172, 413 S.E.2d 347, 349 (1992).

Wintergreen claims that the circuit court erred in granting summary judgment to McGuireWoods because Wintergreen established its legal malpractice claim under the standard set forth by this Court in Goldstein.  Specifically, Wintergreen asserts that had a timely trial transcript been filed in its appeal, it would have been entitled, as a matter of law, to a reversal of the judgment against it because of the jury's inconsistent verdict in finding Wintergreen liable but exonerating its employees.  McGuireWoods contends that the circuit court did not err because two possible theories of recovery were presented to the jury, and the jury's verdict

4

finding Wintergreen liable but exonerating Henyon and Eimutus was not inconsistent as a matter of law.

It is well settled in Virginia that " 'where a master and servant are sued together in tort, and the master's liability, if any, is solely dependent on the servant's conduct, a verdict for the servant necessarily exonerates the master.' "  Shutler v. Augusta Healthcare for Women, P.L.C., 272 Va. 87, 92, 630 S.E.2d 313, 316 (2006) (quoting Roughton Pontiac Corp. v. Alston, 236 Va. 152, 156, 372 S.E.2d 147, 149 (1988)); see also Hughes v. Doe, 273 Va. 45, 48, 639 S.E.2d 302, 304 (2007) ("the crux of respondeat superior liability is a finding that the employee was negligent").  However, this Court recognizes exceptions to the rule "where the master's liability is not derived solely from the servant's acts."  Roughton Pontiac Corp., 236 Va. at 156, 372 S.E.2d at 149.  The master's "liability may be predicated upon evidence showing his own tortious acts or omissions independent of or in combination with the acts of the servant or upon the actions of another employee.  In these situations, a judgment entered against the master will be allowed to stand, notwithstanding the servant's exoneration."  Id. at 156, 372 S.E.2d at 149-50 (internal citations omitted); see also Virginia State Fair Ass'n v. Burton, 182 Va. 365, 370-71, 28 S.E.2d 716, 719 (1944) (holding that the fair association was independently negligent for

5

failing to keep the premises reasonably safe for invitees).

In this case, the jury was instructed regarding both respondeat superior and premises liability theories concerning Wintergreen's alleged negligence. This Court has stated that "instructions given without objection become the law of the case and thereby bind the parties in the trial court and this Court on review." Owens-Illinois, Inc. v. Thomas Baker Real Estate, Ltd., 237 Va. 649, 652, 379 S.E.2d 344, 346 (1989); see also Ulloa v. QSP, Inc., 271 Va. 72, 80, 624 S.E.2d 43, 48 (2006); T.L. Garden & Assocs. v. First Savings Bank of Va., 262 Va. 28, 31, 546 S.E.2d 705, 706 (2001). Jury Instructions 10A, 13, and 16 and the verdict form, which allowed the jury to assess Wintergreen's and the employees' liability separately, were given without objection from Wintergreen. Because Wintergreen neither objected nor assigned error to the instructions or the verdict form, they became the law of the case.

Because Grigg was an invitee on Wintergreen's premises, Instruction 16 permitted the jury to find that Wintergreen, as the occupant of the premises, failed to exercise ordinary care in rendering the premises reasonably safe for Grigg's visit or failed to warn of unsafe conditions that were known to it and unknown to Grigg. Violation of these duties supports an independent basis of liability against Wintergreen, separate

6

and apart from Wintergreen's responsibility for any alleged negligence perpetrated by Henyon and Eimutus. Wintergreen's potential liability asserted in Instruction 16 is not derived solely from Henyon and Eimutus' actions on the slope on the date of the accident; Instruction 16 provides a basis upon which Wintergreen could be liable for tortious acts or omissions in addition to and independent of the acts of Henyon and Eimutus. Therefore, even though the jury found that the employees were not negligent, Instruction 16 permitted the jury to find that Wintergreen was negligent, independent of the acts of its employees, Henyon and Eimutus, for failing to keep the premises reasonably safe or for failing to warn properly.[*]

Under these circumstances, we hold that, even if the appeal of the judgment against Wintergreen had not been dismissed, this Court would not have been required to reverse the Grigg judgment as a matter of law, because Jury Instruction 16 supported the jury's finding that Wintergreen could be liable for Grigg's injuries independent of the acts of Henyon or Eimutus. Therefore, we hold that the circuit court did not err in granting McGuireWoods' motion for summary judgment.

---

[*] McGuireWoods did not, on Wintergreen's behalf in the dismissed appeal, assign error regarding the sufficiency of the evidence proving that Wintergreen failed to keep the premises safe or failed to adequately warn of dangerous conditions, and Wintergreen has not asserted the failure to challenge the

7

Conclusion

For the foregoing reasons, we will affirm the judgment of the circuit court.

<u>Affirmed.</u>

---

sufficiency of the evidence as a basis for its malpractice claim.