COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Decker, Judges Humphreys and Russell
Argued at Winchester, Virginia

**UNPUBLISHED**

ANTHONY DWAYNE TERRY

                                 MEMORANDUM OPINION[*] BY
v.       Record No. 1364-18-4        CHIEF JUDGE MARLA GRAFF DECKER
                                   NOVEMBER 26, 2019

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA
Lisa B. Kemler, Judge

Emily R. Beckman (King, Campbell & Poretz, PLLC, on briefs), for
appellant.

Katherine Quinlan Adelfio, Assistant Attorney General (Mark R.
Herring, Attorney General, on briefs), for appellee.

Anthony Terry appeals his convictions of conspiracy to distribute fentanyl and

conspiracy to distribute furanyl fentanyl in violation of Code §§ 18.2-248 and -256. He contends

that these convictions violated his Fifth Amendment protection against double jeopardy because

they impermissibly punished him multiple times for the same conspiracy, which was only to

distribute heroin. The appellant also argues that the trial court erroneously refused to instruct the

jury that for each conspiracy charge, he and his buyer had to have agreed to distribute each

controlled substance named, specifically fentanyl and furanyl fentanyl. Last, he challenges the

sufficiency of the evidence to prove an agreement underlying the conspiracies to distribute

fentanyl and furanyl fentanyl separate from the conspiracy to distribute heroin. For the reasons

that follow, we affirm the convictions.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

## I. BACKGROUND[1]

This case stems from a series of drug sales by the appellant to Robert Hunt. The purchased substances contained heroin, fentanyl, furanyl fentanyl, or a mixture thereof.[2]

Hunt testified that he received heroin from the appellant, repackaged it, and resold it. The pair had an arrangement in which the appellant would "front" Hunt the drugs and Hunt would repay him after selling them. Hunt testified that his agreement with the appellant was to sell heroin only, not fentanyl or furanyl fentanyl. He expressly disavowed that he knew at the time of the enterprise that the appellant was providing him with either of those two substances. He explained that he repeatedly insisted to the appellant that he did not want any fentanyl and that the appellant continually reassured him that he did not sell him any.

At the close of the Commonwealth's evidence and again at the close of all the evidence, the appellant made motions to strike the conspiracy counts for distribution of fentanyl and furanyl fentanyl. The trial court denied the motions.

The parties and the trial court discussed the jury instructions. The appellant objected to two of the Commonwealth's finding instructions. He argued that the judge should inform the jury that it could find him guilty of the two charges of conspiracy to distribute fentanyl and

---

[1] On appeal of challenges to the sufficiency of the evidence to support a conviction and constitutional issues, appellate courts view the evidence in the light most favorable to the Commonwealth. Peters v. Commonwealth, 66 Va. App. 743, 745 n.1 (2016) (reviewing the sufficiency of the evidence); Commonwealth v. Davis, 290 Va. 362, 368-69 (2015) (considering a constitutional question). However, in reviewing a trial court's ruling on a proposed jury instruction, "we view the evidence in the light most favorable" to the instruction's proponent, in this case the appellant. Landeck v. Commonwealth, 59 Va. App. 744, 759 (2012) (quoting Commonwealth v. Vaughn, 263 Va. 31, 33 (2002)). Consequently, this opinion sets out all of the evidence relevant to the issues before the Court.

[2] Experts on behalf of the Commonwealth testified about the different controlled substances at issue in this case. One forensic scientist explained that heroin is a natural opiate and fentanyl is a synthetic one. Another testified that furanyl fentanyl is fentanyl but with a "slight change in the molecule." A police detective testified that synthetic opioids are more potent than heroin but cost significantly less to produce.

furanyl fentanyl only if it found that he and Hunt had agreed to distribute those two specific substances. The trial court overruled the objections and gave the instructions.

After deliberation, the jury found the appellant guilty of conspiracy to distribute fentanyl, conspiracy to distribute furanyl fentanyl, conspiracy to distribute heroin, possession of fentanyl with the intent to distribute, and possession of furanyl fentanyl with the intent to distribute. The appellant was sentenced to a total of eighty-six years in prison.

## II. ANALYSIS

On appeal, Terry challenges his convictions for conspiracy to distribute fentanyl and furanyl fentanyl. He argues that those convictions violate his right against double jeopardy. The appellant also suggests that they were obtained through erroneous jury instructions. Finally, he challenges the sufficiency of the evidence to support the convictions for conspiracy to distribute fentanyl and furanyl fentanyl.

### A. Double Jeopardy

The appellant contends that his constitutional right against double jeopardy was violated when he received multiple punishments for a single offense of conspiracy to distribute a controlled substance. Before addressing the merits of the double jeopardy assignment of error, we must consider whether the appellant raised at trial a double jeopardy challenge to his convictions for conspiracy to distribute fentanyl and conspiracy to distribute furanyl fentanyl.

Rule 5A:18 makes clear that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." Additionally, "[n]ot just any objection will do." Thomas v. Commonwealth, 44 Va. App. 741, 750, adopted upon reh'g en banc, 45 Va. App. 811 (2005). "Making one specific argument on an issue does not preserve a separate legal point on the same issue for [appellate]

- 3 -

review." Johnson v. Commonwealth, 58 Va. App. 625, 637 (2011) (quoting Edwards v. Commonwealth, 41 Va. App. 752, 760 (2003) (*en banc*), aff'd by unpub'd order, No. 040019 (Va. Oct. 15, 2004)); see Bethea v. Commonwealth, __ Va. __, __ (Aug. 28, 2019) ("[N]either an appellant nor an appellate court should 'put a different twist on a question that is at odds with the question presented to the trial court.'" (quoting Commonwealth v. Shifflett, 257 Va. 34, 44 (1999))). Instead, Rule 5A:18 requires a litigant to articulate an objection with specificity "so that the trial judge . . . know[s] the particular point being made" and has the opportunity to rule on it. Thomas, 44 Va. App. at 750; see Edwards, 41 Va. App. at 760.

In addition to these general principles, the Code requires specific measures for certain types of motions. See, e.g., Code § 19.2-266.2. Relevant here, a defense motion seeking dismissal of a charge based on a double jeopardy violation is required to be made in writing before trial. Code § 19.2-266.2(A)(ii)(b), (B); Williams v. Commonwealth, 57 Va. App. 750, 768 (2011), cited with approval in Meyers v. Commonwealth, No. 150962, at *10 (Va. Jan. 12, 2017) (unpublished order), cert. denied 138 S. Ct. 999 (2018); see also Rule 3A:9(c) (requiring a motion raising double jeopardy to be made before trial).

No pretrial motion to dismiss based on double jeopardy grounds was made by the appellant.

He did make a motion to strike the three conspiracy charges at trial. He argued as follows:

> The essence of the crime of conspiracy is basically an agreement. It's a meeting of the minds. And the Commonwealth's evidence on this alleged meeting of the minds for these three conspiracies is that Mr. Hunt said that he believed he was selling heroin, and heroin only; he didn't know anything about fentanyl or furanyl[]fentanyl until after he was arrested and told about these things. And he testified that he . . . called up my client, and was asking him for heroin. He testified that when he received substances from my client, those substances were heroin. Never once was there a meeting of the minds for fentanyl or

- 4 -

furanyl[]fentanyl. According to Mr. Hunt, if there were a conspiracy, it would be a conspiracy to distribute heroin . . . .

It's got to be a meeting of minds. It's got to be an agreement. It can't be one guy—let's say we're going to let the jury speculate that my client knew what these other substances were. Well, it's quite clear and unequivocal that Mr. Hunt testified that he didn't know anything about that other stuff, didn't talk about that other stuff, had no agreement on that other stuff.

The trial court asked the appellant about Sierra v. Commonwealth, 59 Va. App. 770 (2012), and suggested that it supported the proposition that a defendant did not need to know the particular substance at issue to conspire to distribute a controlled substance. The appellant reiterated that conspiracy requires a "meeting of the minds," unlike possession, the offense at issue in Sierra. He emphasized that "the Commonwealth has chosen three different conspiracies, not just one conspiracy to distribute a controlled substance." At no time did the appellant argue that the conspiracy counts violated the protection against double jeopardy.

In the appellant's motion to strike the charges for *possession* of fentanyl and furanyl fentanyl, he did specifically argue that knowledge of the particular substances was necessary to avoid double jeopardy.

And *with the two possession with intents to distribute*, I'm making the counterargument to what I believe the Commonwealth is going to be arguing with the Sierra case. I believe it is required, if you look at—it's required that he knows what the nature of this is, and not just a controlled substance, because there's two different counts. And if it's a controlled substance, then it ought to be one count. I would argue that *this would be double[ ]jeopardy*. And the way that the Commonwealth has chosen to indict, they use the specific words fentanyl and furanyl[ ]fentanyl. And again, the Sierra case is a possession case and it only involved one count.

(Emphases added).

The record reflects that the appellant did not make a pretrial motion in writing to dismiss any charges due to a violation of his constitutional protection against double jeopardy. See Code § 19.2-266.2(A)(ii)(b), (B). This means that the Commonwealth had no opportunity to respond

- 5 -

to it and the trial court did not rule on the issue.  See Scialdone v. Commonwealth, 279 Va. 422, 437 (2010); Thomas, 44 Va. App. at 750.

Further, during trial proceedings, the appellant did not argue that the convictions for *conspiracy* violated his constitutional protection against double jeopardy.  Instead, he contended that in order to support the convictions for conspiracy to distribute fentanyl and furanyl fentanyl, the Commonwealth needed to prove that he and Hunt agreed to distribute those particular substances.  Conversely, in the context of his challenge to the *possession* offenses, the appellant did suggest that the charges implicated double jeopardy.  Although he contends on appeal that his double jeopardy challenge equally applied to the conspiracy charges, the record does not support this suggestion.  Below, the appellant simply did not argue that the conspiracy charges violated his constitutional protection against double jeopardy, and the trial court did not rule on such a claim.

Consequently, the appellant waived and failed to preserve a double jeopardy challenge to the conspiracy convictions.  See Williams, 57 Va. App. at 768 (holding that the defendant waived his double jeopardy objection by failing to make it in writing before trial pursuant to Code § 19.2-266.2); West v. Commonwealth, 43 Va. App. 327, 339-40 (2004) (holding that Rule 5A:18 barred review of the double jeopardy claim).

The appellant argues that the ends-of-justice exception to Rule 5A:18 should apply to permit him to raise double jeopardy for the first time on appeal.  This Court has made clear that "'[t]he ends of justice exception is narrow and is to be used sparingly,' and applies only in the extraordinary situation where a miscarriage of justice has occurred." Holt v. Commonwealth, 66 Va. App. 199, 209 (2016) (*en banc*) (quoting Redman v. Commonwealth, 25 Va. App. 215, 220 (1997)).  "It is never enough for the defendant to merely assert a winning argument on the merits—for if that were enough[,] procedural default 'would never apply, except when it does

not matter.'" Winslow v. Commonwealth, 62 Va. App. 539, 546 (2013) (quoting Alford v. Commonwealth, 56 Va. App. 706, 710 (2010)).  To determine whether the ends-of-justice exception applies, the appellate court considers "whether the failure to apply the [exception] would result in a grave injustice."  Williams v. Commonwealth, 294 Va. 25, 27-28 (2017) (published order) (quoting Commonwealth v. Bass, 292 Va. 19, 27 (2016)), cert. denied, 138 S. Ct. 2604 (2018).

Application of the ends-of-justice exception to Rule 5A:18 requires proof of an error that was "clear, substantial and material."  Bazemore v. Commonwealth, 42 Va. App. 203, 219 (2004) (en banc) (quoting Brown v. Commonwealth, 8 Va. App. 126, 132 (1989)); see also Brown v. Commonwealth, 279 Va. 210, 220 (2010) (noting also that Rule 5A:18's ends-of-justice provision can apply if the complaining party demonstrates that it was "necessary to avoid . . . the denial of essential rights").  The exception applies in circumstances in which a defendant was convicted of conduct that was not a criminal offense, "the record . . . affirmatively prove[s] that an element of the offense did not occur," or the court clearly erred by failing to adhere to a crucial procedure.  West, 43 Va. App. at 338 (alterations in original) (quoting Herring v. Herring, 33 Va. App. 281, 287 (2000)).  The ends-of-justice exception is also appropriate when the trial court's jury instructions omitted an element of the offense and the Commonwealth did not present evidence on that element.  Bazemore, 42 Va. App. at 219.

The facts in this case do not fall within the narrow circumstances in which the ends-of-justice exception applies.  They do not support a conclusion that a miscarriage of justice occurred.  The record does not affirmatively establish that the appellant was convicted of conduct that was not criminal or that he did not commit the offenses.  Therefore, any violation of the appellant's constitutional protection against double jeopardy does not "create an ends of justice situation such that [he] did not have to preserve the issue for appeal."  See West, 43

- 7 -

Va. App. at 339-40. Consequently, we do not reach the merits of the double jeopardy assignment of error.[3]

### B. Jury Instructions

The appellant contends that it was error for the trial court to instruct the jury that it had to find only that he and Hunt had agreed to distribute a controlled substance, not the particular substances of fentanyl or furanyl fentanyl.[4] On appeal, he specifically challenges Jury Instructions 6, 7, and 12.

Below, the appellant objected to two jury instructions. Instruction 6 informed the jury that in order to prove the crime of conspiracy to distribute fentanyl, second offense, the Commonwealth had to prove the following elements:

> (1) That the defendant entered into an agreement with one or more other persons; and
> *(2) That the agreement was that they were to distribute a controlled substance; and*
> (3) That both the defendant and at least one other party to the agreement intended to distribute a controlled substance *and that the substance was fentanyl;* and
> (4) That the defendant had been previously convicted of a felony offense substantially similar to Virginia Code §[ ]18.2-248(C) . . . .

---

[3] Rule 5A:18 also provides a narrow exception for good cause shown, which was not suggested by the appellant and does not apply here. See Andrews v. Commonwealth, 37 Va. App. 479, 494 (2002).

[4] The appellant did not argue below that the jury instructions did not match the charges alleged in the indictments, which listed the specific substances of fentanyl and furanyl fentanyl. See generally Commonwealth v. Nuckles, 266 Va. 519, 522-23 (2003) (analyzing how surplus language in an indictment differs from a fatal variance between an indictment and the evidence). Nor did he assign error based on this point. Therefore, to the extent that the appellant now raises this argument, he failed to preserve it below and include it in his assignments of error. See Rule 5A:18 ("No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling . . . ."); Rule 5A:12(c)(1) ("Only assignments of error assigned in the petition for appeal will be noticed by this Court."); Rule 5A:20(c) (requiring opening briefs to contain a "statement of the assignments of error with a clear and exact reference" to "where each assignment of error was preserved in the trial court"). Accordingly, we do not address it.

(Emphases added). Instruction 7, the instruction for conspiracy to distribute furanyl fentanyl, was the same except the third element named the substance as "furanyl fentanyl."

During the discussion about jury instructions, the appellant objected to Jury Instructions 6 and 7 on the basis that the jury should be told that in order to support the conspiracy convictions, the conspirators needed to have agreed to distribute the specific substances of fentanyl and furanyl fentanyl. The trial court overruled the objection and gave the instructions.

Despite this challenge to Instructions 6 and 7, the appellant did not object to Instruction 12. The appellant did not object to this instruction either of the two times that the trial court stated that it would give the instruction to the jury. In Instruction 12, the trial court told the jury: "The Commonwealth must prove beyond a reasonable doubt that the defendant knew *that the substance he conspired to distribute* or possessed with intent to distribute was, in fact, *a controlled substance. The Commonwealth is not required to prove that the defendant knew precisely what controlled substance it was*." (Emphases added).

It is well settled that "instructions given without objection become the law of the case and thereby bind the parties in the trial court and [the appellate court] on review." Smith v. Commonwealth, 296 Va. 450, 461 (2018) (quoting Wintergreen Partners, Inc. v. McGuireWoods, LLP, 280 Va. 374, 379 (2010)); Bryant v. Commonwealth, 295 Va. 302, 307 (2018) (quoting Online Res. Corp. v. Lawlor, 285 Va. 40, 60-61 (2013)). This is true "even if [an instruction] imposes 'an inappropriate standard.'" Smith, 296 Va. at 462 (quoting Owens-Corning Fiberglas Corp. v. Watson, 243 Va. 128, 136 (1992)).

When the appellant did not object to Instruction 12, it became the law of the case that the Commonwealth did not need to prove that he "knew precisely what controlled substance[s]" were to be distributed pursuant to the conspiracy. Instruction 12 directly relates to the appellant's knowledge. As a result, by not objecting to Instruction 12, he waived his argument

- 9 -

on appeal that in order to convict him of conspiracy to distribute a controlled substance, the Commonwealth was required to prove that both he and Hunt agreed regarding the particular types of controlled substances to be distributed. See id. (holding that the defendant waived his challenge to the jury instruction due to law of the case doctrine).[5]

## C. Sufficiency of the Evidence

The appellant contends that the evidence was insufficient to support his convictions for conspiracy to distribute fentanyl and furanyl fentanyl. His challenges to the sufficiency of the evidence rest on the premise that in order to convict him of conspiracy to distribute the controlled substances, the Commonwealth needed to prove that he and Hunt had an agreement to distribute each specific substance.

In this Court's review of the sufficiency of the evidence, we will affirm the trial court's decision unless it was plainly wrong or the conviction lacks evidence to support it. See, e.g., Gerald v. Commonwealth, 68 Va. App. 167, 172 (2017). In conducting our review, we consider the evidence and all reasonable inferences flowing from it in the light most favorable to the Commonwealth. Id. In addition, an appellate court considers all of the evidence together and does not view separate aspects of the record in isolation. Commonwealth v. Moseley, 293 Va. 455, 466 (2017). "[W]hen the evidence is susceptible [to] two interpretations, the fact finder

---

[5] The appellant argues on brief that he sufficiently raised below the issue he seeks to challenge on appeal. He points to his request that the trial court instruct the jury that to convict him of conspiracy to distribute fentanyl and furanyl fentanyl, it needed to find that he and Hunt agreed to distribute those particular substances. He suggests that "[I]nstruction 12, while confusing, would not have vitiated the requirement of proposed [I]nstruction[s] 6 and 7 that the jury find in element (2) that 'the agreement was that they were to distribute [fentanyl or furanyl fentanyl].'" See generally SuperValu, Inc. v. Johnson, 276 Va. 356, 366 (2008) (providing that appellate courts read jury "instructions together and consider them as a whole"). We are unpersuaded by this argument. Pursuant to Instruction 12, the jury did not need to find that the appellant knew which particular controlled substances were to be distributed pursuant to the agreement. This instruction undercuts the appellant's argument because in order to have agreed specifically to distribution of fentanyl or furanyl fentanyl, the appellant would necessarily have known the types of drugs to be distributed under that agreement.

- 10 -

cannot *arbitrarily* adopt the one that incriminates the defendant." Clanton v. Commonwealth, 53 Va. App. 561, 573 (2009) (*en banc*). However, the trier of fact's interpretation "cannot be overturned as *arbitrary* unless no rational factfinder would have [adopted the incriminating interpretation]." Id. (quoting Haskins v. Commonwealth, 44 Va. App. 1, 9 (2004) (emphasis added)). "If there is evidence to support the conviction[ ], the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial." Kelley v. Commonwealth, 69 Va. App. 617, 624 (2019) (alteration in original) (quoting Synan v. Commonwealth, 67 Va. App. 173, 185 (2017)).

Code § 18.2-256 prohibits "[a]ny person [from] conspir[ing] to commit any offense defined in this article or in the Drug Control Act." To establish a conspiracy, "the Commonwealth had to prove beyond a reasonable doubt that an agreement existed between the two men by some concerted action to distribute the drugs." Fortune v. Commonwealth, 12 Va. App. 643, 647 (1991) (quoting Reed v. Commonwealth, 213 Va. 593, 594 (1973)). The appellant contends that the evidence was insufficient to support his convictions for conspiracy to distribute fentanyl and furanyl fentanyl because the Commonwealth failed to prove that he and Hunt had an agreement to distribute each specific substance.

Again, as discussed in Part II.B., Instruction 12 is now law of the case. Therefore, the appellant's challenge to the sufficiency of the evidence must be considered under the framework of that instruction along with the other instructions in the case. See, e.g., Smith, 296 Va. at 462. Consequently, in order to support the convictions for conspiracy to distribute fentanyl and furanyl fentanyl, the Commonwealth was not required to prove that the appellant and Hunt agreed to distribute each of those particular illegal substances.

Due to the secretive nature of the crime of conspiracy, "it often may be established only by indirect and circumstantial evidence." James v. Commonwealth, 53 Va. App. 671, 678

(2009) (quoting Wright v. Commonwealth, 224 Va. 502, 505 (1982)). Therefore, when the Commonwealth establishes that the parties to an alleged conspiracy "*pursued the same object*, one performing *one part* and the others performing *another part* so as to complete it or with a view to its attainment, the [fact finder] will be justified in concluding that they were engaged in a conspiracy to effect that object." Id. (quoting Charity v. Commonwealth, 49 Va. App. 581, 586 (2007) (emphasis added)).

Based on the record, the evidence was sufficient to support a finding that the appellant and Hunt had agreed to distribute controlled substances in addition to heroin. Testing of the substances collected during the police investigation identified them as heroin, fentanyl, and furanyl fentanyl. The appellant provided Hunt with drugs between thirty and forty times. Hunt generally paid for them after he repackaged and sold them. Hunt explained that sometimes when he and the appellant met, he saw the appellant add something to the heroin that made it "better." Once, he used the drugs himself and overdosed. Hunt professed to using up to approximately twenty bags a day of the drugs that he obtained from the appellant. He acknowledged that fentanyl is "more powerful" than heroin. He was also aware that the drugs the appellant supplied him varied in intensity. In addition, Hunt testified that he "couldn't use the fentanyl that [he] was getting from [the appellant] because they wouldn't give [him] methadone at the clinic with fentanyl in [his] system." At least once, Hunt planned to buy drugs from someone other than the appellant in order to avoid ingesting fentanyl. This evidence permitted the fact finder to conclude that the appellant and Hunt had an agreement, either express or implied, to distribute controlled substances in addition to the heroin.

The appellant relies on Hunt's testimony to support the proposition that Hunt believed that he received, repackaged, and sold heroin only. The jury, however, was entitled to accept parts of Hunt's testimony and reject other parts of it. See, e.g., Moyer v. Commonwealth, 33

Va. App. 8, 28 (2000) (*en banc*). It was within the jury's purview to disbelieve Hunt's

protestations that he did not realize that he bought two other controlled substances from the

appellant for redistribution in addition to heroin.

For these reasons, under the appropriate standard of review, the record was sufficient to

support the challenged conspiracy convictions.[6]

### III. CONCLUSION

The double jeopardy assignment of error is barred because the appellant did not raise the

issue before or during trial. The appellant's failure to object to Jury Instruction 12 resulted in

that instruction becoming the law of the case and effecting a waiver of his challenge to

Instructions 6 and 7. Finally, under the law of the case, the evidence was sufficient to support

the challenged convictions. For these reasons, we affirm the convictions for conspiracy to

distribute fentanyl and furanyl fentanyl. However, the sentencing order contains clerical errors.[7]

First, with regard to one of the conspiracy convictions, it does not reference Code § 18.2-256, the

conspiracy statute. Second, with regard to two convictions, the order improperly lists the

substances involved. It describes *two* offenses as "Conspiracy to Distribute *Fentanyl*" and two

offenses as "Possession with . . . Intent to Distribute *Fentanyl*." (Emphases added). In contrast

to these descriptions, one of the conspiracy convictions was for conspiracy to distribute *furanyl*

*fentanyl*, as was the related possession offense. Consequently, we remand solely for correction

---

[6] In light of this conclusion, we do not reach the Commonwealth's alternative theory that the evidence is sufficient because it demonstrated that the appellant conspired with his suppliers to distribute fentanyl and furanyl fentanyl. See, e.g., Commonwealth v. White, 293 Va. 411, 419 (2017) ("[T]he doctrine of judicial restraint dictates that we decide cases 'on the best and narrowest grounds available.'" (quoting Commonwealth v. Swann, 290 Va. 194, 196 (2015))).

[7] We note that the conviction order does not contain these errors.

of clerical errors in the sentencing order.  <u>See</u> Code § 8.01-428(B); <u>Howell v. Commonwealth</u>, 274 Va. 737, 739 n.*, 742 (2007); <u>Tatum v. Commonwealth</u>, 17 Va. App. 585, 592-93 (1994).

<u>Affirmed and remanded.</u>