COURT OF APPEALS OF VIRGINIA

Present:   Judges Causey, Friedman and Senior Judge Clements
Argued at Richmond, Virginia


BENJAMIN LAWRENCE BURTON

v.      Record No. 1386-23-2

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION* BY
JUDGE JEAN HARRISON CLEMENTS
FEBRUARY 11, 2025


FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
David E. Johnson, Judge

J. Martelino, Jr., for appellant.

Susan Hallie Hovey-Murray, Assistant Attorney General (Jason S.
Miyares, Attorney General, on brief), for appellee.


Benjamin Lawrence Burton appeals his convictions for possession of a Schedule II

controlled substance, possession of a firearm while possessing a Schedule II controlled

substance, carrying a concealed weapon, and two counts of brandishing a firearm. He contends

that the trial court provided an incomplete jury instruction on the definition of a "firearm,"

affecting "the outcome of the case." He also challenges the sufficiency of the evidence to

support his convictions. For the following reasons, we affirm.

---

* This opinion is not designated for publication. *See* Code § 17.1-413(A).

BACKGROUND[1]

The evidence established that on the night of March 29, 2022, Burton knocked on Dietrick Christian's door to discuss a conflict between their respective sons. Porch lights illuminated Christian's porch and front yard, and a surveillance camera recorded the area. After answering the door, Christian stood on his porch while Burton paced in the front yard. During the conversation, Burton produced a firearm from his waistband, "flashed" it at Christian, and said that if Christian's son was present, Burton "would have [taken] it to another level." Christian immediately recognized the object as a firearm based on its appearance, the manner in which Burton handled it, and his own experience with firearms. He said it was silver with black trim. After the men exchanged a few more words, Burton left.

When Christian's son returned home, about an hour after Burton had left, Burton returned and again knocked on the door. Burton asked if Christian's son was there, and Christian called his son outside. As soon as the son stepped out, Burton ran onto the porch to confront him. Concerned for his son's safety, Christian pushed his son behind him, wedging him between Christian and the front door. Christian explained that he wanted to protect his son and "would take a bullet for" him. Seeing the same firearm in Burton's waistband, Christian pushed Burton back into the yard. Burton then drew the firearm and "wav[ed] it around," yelling that Christian "better control [his] son" and that "this is where it can go real bad."

During the second encounter, Christian's wife called the police. When the officers arrived, Burton "took off" towards the backyard with the firearm still on his person. Within 30 minutes, police officers found Burton approximately 100 yards from Christian's house. The

---

[1] Under settled principles of appellate review, we state the facts in the light most favorable to the Commonwealth, the prevailing party at trial. "Accordingly, we regard as true all credible evidence favorable to the Commonwealth and all inferences that may reasonably be drawn from that evidence." *Meade v. Commonwealth*, 74 Va. App. 796, 802 (2022) (quoting *Gerald v. Commonwealth*, 295 Va. 469, 472 (2018)).

officers did not find a firearm on Burton, but discovered scales, a razor wrapped in plastic, and several individually wrapped baggies containing a white powder, later identified as cocaine. Although he initially denied ever having a firearm, when an officer told Burton about the surveillance cameras, he responded "if you have video, then I guess I'm guilty."

Burton was arrested and charged with possession with intent to distribute cocaine, in violation of Code § 18.2-248; possession of a firearm by a convicted felon in violation of Code § 18.2-308.2; possession of cocaine with the intent to distribute while possessing a firearm, in violation of Code § 18.2-308.4(C); brandishing a firearm or object similar to a firearm in violation of Code § 18.2-282; and carrying a concealed weapon in violation of Code § 18.2-308. At Burton's jury trial, the Commonwealth presented evidence as recited above. After the Commonwealth rested, Burton moved to strike the evidence. He first asked the court to strike the possession with intent to distribute cocaine charge to simple possession, arguing that the evidence did not prove intent because he made no statements that indicated that he was "selling" and there was "no money . . . on him." Necessarily, he simultaneously asked the court to strike possession of a firearm while possessing cocaine with the intent to distribute for the same reasons. Burton also argued that the evidence did not prove that the object he possessed was a firearm because nothing established that it was designed or made to expel a projectile. The court denied Burton's motion.

When the trial court asked for the jury instructions, the parties submitted agreed jury instructions, including Jury Instruction 13: a waterfall instruction that directed the jury to convict Burton of possession of a firearm while possessing with the intent to distribute cocaine if the evidence proved (1) that Burton "possessed, used, attempted to use, or displayed in a threatening manner a firearm," and (2) that "the possession, use, attempted use, or display was while committing or attempting to commit possession with intent to distribute, sell, or give cocaine."

- 3 -

Jury Instruction 13 further provided that if the jury found that the Commonwealth had proved the "first element" but not that he "intended to distribute, sell, or give cocaine," then the jury should convict Burton of "possessing, using, attempting to use, or displaying in a threatening manner a firearm while possessing cocaine."

The parties, however, disputed how the trial court should define "firearm" for the jury. The trial court granted Jury Instruction 18, which stated: "A firearm is any instrument that is capable of expelling a projectile by force or gunpowder. A firearm is also an object that is not capable of expelling a projectile by force or gunpowder but gives the appearance of being able to do so." The Commonwealth also asked the trial court to grant Jury Instruction 19, which stated: "An object with the appearance of a firearm, when coupled with conduct of the accused impliedly asserting that the object is a firearm, is a fact that you may consider when determining whether an object is a firearm." Burton objected that Jury Instruction 19 inappropriately emphasized the firearm's "appearance," which was evidence favorable to the Commonwealth, while discounting evidence favorable to him, such as the fact that the firearm was "never recovered."

The Commonwealth also asked the trial court to give Jury Instruction 20, which provided: "Where a victim reasonably perceived a threat or intimidation by a firearm, it is not necessary that the object in question was in fact a firearm." Burton objected to Jury Instruction 20, arguing that the jury could convict him of possession of a firearm while merely possessing a controlled substance, as a lesser-included offense of possession of a firearm while possessing a controlled substance with the intent to distribute. Burton contended that unlike the greater offense, to sustain a conviction of the lesser-included offense the Commonwealth had to prove that the firearm was "an object that is made, designed, or intended to expel a projectile by force or gunpowder."

- 4 -

Instead of Jury Instructions 19 and 20, Burton asked the trial court to grant Jury Instruction 21, which defined a firearm as "a weapon designed, made, and intended to expel a projectile by means of an explosion. It is not necessary that the firearm be operable, capable of being fired, or have the actual capacity to do serious harm." Burton conceded that Jury Instruction 21 would apply only if the jury concluded that "this [was] simple possession."

The trial court ruled that it would not provide inconsistent firearm definitions to the jury. After reviewing the various proposed instructions, it granted Jury Instructions 18 and 19 and refused Jury Instructions 20 and 21.

After closing argument, the jury convicted Burton of (1) possession of cocaine as a lesser-included offense of possession with the intent to distribute cocaine; (2) possession of a firearm while possessing cocaine, as a lesser-included offense of possessing a firearm while possessing cocaine with the intent to distribute; (3) two counts of brandishing a firearm; and, (4) carrying a concealed weapon. The trial court sentenced Burton to a total of 15 years and 36 months' incarceration, with 9 years and 6 months suspended.

On appeal, Burton argues that the trial court provided the jury only "incomplete" definitions of a firearm. As he did before the trial court, he posits that Code § 18.2-308.4 "has two different [firearm] standards, depending upon whether the drugs were in simple possession or in possession with intent to distribute." He maintains that Jury Instruction 13 correctly identified the "simple possession" offense under Code § 18.2-308.4(A) as a lesser-included offense of a "possession with intent to distribute" offense under Code § 18.2-308.4(C). He also argues that Jury Instruction 18 correctly defined "firearm" for an offense under Code § 18.2-308.4(C) for possessing a firearm while possessing a controlled substance with the intent to distribute. Even so, he asserts that for "simple possession" under subsections A and B, "the

- 5 -

firearm must objectively be shown to be a real firearm." Thus, he contends that the trial court should have granted Jury Instruction 21 but not Jury Instruction 19.

Burton also challenges the sufficiency of the evidence to sustain his convictions. He seems to argue that the evidence failed to prove that he "had any firearm" but, even if he did, it was not concealed because Christian could plainly see the gun during both incidents. Finally, he argues that his brandishing convictions should be overturned because there was no "inducement of fear" in the victims.

ANALYSIS

I. Jury Instructions

"A reviewing court's responsibility in reviewing jury instructions is 'to see that the law has been clearly stated and that the instructions cover all issues which the evidence fairly raises.'" *Fahringer v. Commonwealth*, 70 Va. App. 208, 211 (2019) (quoting *Darnell v. Commonwealth*, 6 Va. App. 485, 488 (1988)). "We review a trial court's decisions in giving and denying requested jury instructions for abuse of discretion." *Holmes v. Commonwealth*, 76 Va. App. 34, 53 (2022) (quoting *Conley v. Commonwealth*, 74 Va. App. 658, 675 (2022)). "[W]hether a jury instruction accurately states the relevant law is a question of law that we review de novo." *Watson v. Commonwealth*, 298 Va. 197, 207 (2019) (quoting *Payne v. Commonwealth*, 292 Va. 855, 869 (2016)).

"Code § 18.2-308.4 does not define the term 'firearm.'" *Timmons v. Commonwealth*, 15 Va. App. 196, 199 (1992). We have held that under Code § 18.2-308.4, "a 'firearm' is an 'instrument . . . designed, made, and intended to expel a projectile by means of an explosion,'" though the instrument need not "be operable at the time of the offense." *Davis v. Commonwealth*, 79 Va. App. 123, 142-43 (alteration in original) (quoting *McDaniel v. Commonwealth*, 264 Va. 429, 429 (2002)). Burton's proffered Jury Instruction 21 correctly

stated the law that: "A firearm is a weapon designed, made, and intended to expel a projectile by means of an explosion. It is not necessary that the firearm be operable, capable of being fired, or have the actual capacity to do serious harm." Indeed, the Commonwealth properly concedes on appeal that the "narrower definition" of firearm Burton advanced in Jury Instruction 21 was the correct definition for an offense under Code § 18.2-308.4(A).[2]

Nevertheless, jury "instructions given without objection become the law of the case and thereby bind the parties in the trial court and [an appellate] court on review." *Smith v. Commonwealth*, 296 Va. 450, 461 (2018) (quoting *Wintergreen Partners, Inc. v. McGuireWoods, LLP*, 280 Va. 374, 379 (2010)). "We have clearly stated that an agreed jury instruction becomes the law of the case, even if it imposes 'an inappropriate standard.'" *Id.* at 462 (quoting *Owens-Corning Fiberglas Corp. v. Watson*, 243 Va. 128, 136 (1992)). "The law of the case doctrine applies in criminal cases." *Id.* at 461 (citing *Jimenez v. Commonwealth*, 241 Va. 244, 249-50 (1991)).

Burton agreed to Jury Instruction 13, the "waterfall" instruction that first stated the elements of an offense for possession of a firearm while possessing a controlled substance with the intent to distribute under Code § 18.2-308.4(C). Then, Jury Instruction 13 stated the elements of possessing a firearm while in simple possession of a controlled substance under Code § 18.2-308.4(A) as a *lesser-included* offense of Code § 18.2-308.4(C). Moreover, Burton agreed that Jury Instruction 18 was proper because it accurately defined "firearm" for purposes

---

[2] The Commonwealth and Burton argue that Jury Instruction 18 correctly defined "firearm" for an offense under Code § 18.2-308.4(C). *See Saunders v. Commonwealth*, No. 0267-14-3, slip op. at 9 n.3, 2015 Va. App. LEXIS 28, at *13-14 n.3 (Jan 27, 2015) (suggesting, in dicta, that the same definition of firearm applies in Code § 18.2-53.1 and 18.2-308.4(C)). We need not address the Commonwealth's argument to resolve this appeal as the jury convicted Burton of violating Code § 18.2-308.4(A), which required proof that he possessed an actual firearm as defined in refused Jury Instruction 21.

of Code § 18.2-308.4(C), as including an object "that is not capable of expelling a projectile by force or gunpowder but gives the appearance of being able to do so."

It is well-established that "[a] lesser included offense is an offense which is composed entirely of elements that are also elements of the greater offense." *Wright v. Commonwealth*, 49 Va. App. 312, 319 (2007) (quoting *Kauffmann v. Commonwealth*, 8 Va. App. 400, 409 (1989)). "Thus, in order for one crime to be a lesser included offense of another crime, every commission of the greater offense must also be a commission of the lesser offense." *Id.* at 319-20. Consequently, while a lesser-included offense may contain *fewer* elements than its greater offense, it cannot contain *different* elements. *Id.*

Applied here, Burton agreed that an offense for possessing a firearm while possessing a controlled substance under Code § 18.2-308.4(A) is a lesser-included offense of possessing a firearm while possessing a controlled substance with the intent to distribute. Given that position however, both offenses must have the same definition of a firearm. Moreover, Burton agreed to Jury Instruction 13, which defined an offense under Code § 18.2-308.4(A) as a lesser-included offense. So, regardless of whether Jury Instruction 13 accurately stated the law, Burton did not object to it, so it is the law of the case. Consequently, the definition of firearm in Jury Instruction 18, which Burton also did not object to and agrees accurately defines "firearm" for purposes of Code § 18.2-308.4(C), must also apply to an offense under Code § 18.2-308.4(A). Given the law of the case that arose from the parties' agreement regarding Jury Instructions 13 and 18, the trial court declined to provide different definitions of firearm for a greater offense and its lesser included. Thus, the trial court did not err by refusing Jury Instruction 21.

II. Sufficiency of the Evidence

Burton argues that the evidence failed to prove that he "had any firearm, that he flashed any firearm, that he waved any firearm." Even if he did, he contends that it was not concealed

because Christian could plainly see the gun during both incidents. He also argues that his brandishing convictions should be overturned because there was no "inducement of fear" in the victims.

### A. Waiver Under Rule 5A:20

An opening brief must contain "[t]he standard of review and the argument (including principles of law and authorities) relating to each assignment of error." Rule 5A:20(e). "Unsupported assertions of error 'do not merit appellate consideration.'" *Bartley v. Commonwealth*, 67 Va. App. 740, 744 (2017) (citing *Jones v. Commonwealth*, 51 Va. App. 730, 734 (2008)). "[I]t is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her." *Id.* at 746 (quoting *Sneed v. Bd. of Prof'l Resp. of the Sup. Ct. of Tenn.*, 301 S.W.3d 603, 615 (Tenn. 2010)). "Nor is it this Court's 'function to comb through the record . . . in order to ferret-out for ourselves the validity of [appellant's] claims.'" *Burke v. Catawba Hosp.*, 59 Va. App. 828, 838 (2012) (alterations in original) (quoting *Fitzgerald v. Bass*, 6 Va. App. 38, 56 n.7 (1988) (en banc)). To the contrary, if an appellant believes "that the trial court erred, Rule 5A:20(e) require[s] him 'to present that error to us with legal authority to support [his] contention.'" *Bartley*, 67 Va. App. at 746 (second alteration in original) (quoting *Fadness v. Fadness*, 52 Va. App. 833, 851 (2008)). "[W]here a party fails to develop an argument in support of his or her contention or merely constructs a skeletal argument, the issue is waived." *Id.* (quoting *Sneed*, 301 S.W.3d at 615).

Burton's opening brief presents a single sentence arguing that the evidence failed to prove that he possessed a firearm. He cites no authority supporting his argument, nor does he even explain which of his numerous convictions should be reversed because of the alleged deficiency in the evidence. Thus, not only is it unclear why Burton thinks the evidence is insufficient, it is also unclear which of his convictions he challenges with this argument.

Similarly, Burton does not cite any authority supporting his alternative contention that he never concealed a firearm. Instead, he merely quotes significant portions of the transcript and generally concludes that "the Commonwealth did not show that the firearm was concealed." He cites no authority demonstrating what constitutes a concealed firearm or why, in his view, the quoted portion of the transcript demonstrates that his firearm was not concealed. Thus, Burton's assertions do not present a cognizable legal argument and instead invite this Court to "comb though the record" on his behalf, *Burke*, 59 Va. App. at 838, and "construct [his] case or arguments for him," *Bartley*, 67 Va. App. at 746. We will not do so. Thus, his arguments are waived. *Id.* (quoting *Sneed*, 301 S.W.3d at 615).

### B. Brandishing Argument Waived Under Rule 5A:18

"No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice." Rule 5A:18. "Rule 5A:18 requires a litigant to make timely and specific objections, so that the trial court has 'an opportunity to rule intelligently on the issues presented, thus avoiding unnecessary appeals and reversals.'" *Brown v. Commonwealth*, 279 Va. 210, 217 (2010) (quoting *West v. Commonwealth*, 43 Va. App. 327, 337 (2004)). "Specificity and timeliness undergird the contemporaneous-objection rule [and] animate its highly practical purpose." *Bethea v. Commonwealth*, 297 Va. 730, 743 (2019). "Not just any objection will do. It must be both *specific* and *timely*—so that the trial judge would know the particular point being made in time to do something about it." *Id.* (quoting *Dickerson v. Commonwealth*, 58 Va. App. 351, 356 (2011)).

> In a jury trial, the defendant preserves his objections to the sufficiency of the evidence in a motion to strike at the conclusion of the Commonwealth's case if he elects to not introduce evidence of his own, or in a motion to strike at the conclusion of all the evidence or a motion to set aside the verdict if he does elect to introduce evidence of his own.

*Commonwealth v. Bass*, 292 Va. 19, 33 (2016) (citing *Murillo-Rodriguez v. Commonwealth*, 279 Va. 64, 84 (2010)). *See also Spangler v. Commonwealth*, 188 Va. 436, 438 (1948) ("When a defendant in a civil or criminal case proceeds to introduce evidence in his own behalf, after the trial court has overruled his motion to strike, made at the conclusion of the introduction of plaintiff's evidence in chief, he waives his right to stand upon such motion."); *White v. Commonwealth*, 3 Va. App. 231, 233 (1986) (same).

Burton challenges his brandishing convictions because he claims he did not induce fear in any victim. He asks this Court to examine the surveillance video closely and note that none of the victims "seems to flinch" when he produced the firearm. But Burton did not present that argument to the trial court. In his motion to strike after the Commonwealth rested, he argued that the evidence did not prove intent to distribute cocaine because he made no statements that indicated that he was "selling" and there was "no money . . . on him." He also argued that the evidence did not prove that the object he possessed was a firearm because nothing established that it was designed or made to expel a projectile. Burton did not renew his motion to strike on different grounds, or move to set aside the jury's verdicts. Thus, he did not preserve his sufficiency challenge to his brandishing convictions.

Notwithstanding the default, Burton asks this Court to review his argument under the ends of justice exception. "The 'ends of justice' exception to Rule 5A:18 is 'narrow and is to be used sparingly.'" *Melick v. Commonwealth*, 69 Va. App. 122, 146 (2018) (quoting *Pearce v. Commonwealth*, 53 Va. App. 113, 123 (2008)). Whether to apply the ends of justice exception involves two questions: "(1) whether there is error as contended by the appellant; and (2) whether the failure to apply the ends of justice provision would result in a grave injustice." *Bass*, 292 Va. at 27 (quoting *Gheorghiu v. Commonwealth*, 280 Va. 678, 689 (2010)). "The burden of establishing a manifest injustice is a heavy one, and it rests with the appellant." *Holt v.*

*Commonwealth*, 66 Va. App. 199, 210 (2016) (en banc) (quoting *Brittle v. Commonwealth*, 54 Va. App. 505, 514 (2009)).

"[T]o invoke the ends of justice exception when sufficiency of the evidence has been raised for the first time on appeal, an appellant must do more than show that the Commonwealth *failed* to prove an element or elements of the offense." *Redman v. Commonwealth*, 25 Va. App. 215, 221 (1997). "Otherwise, we would be required under the ends of justice exception to address the merits of every case where a defendant has failed to move to strike the Commonwealth's evidence as being insufficient to prove an element of the offense." *Id.* Instead, to demonstrate that a miscarriage of justice has occurred, an "appellant must demonstrate that he or she was convicted for conduct that was not a criminal offense or the record must affirmatively prove that an element of the offense did not occur." *Id.* at 222. Burton's argument that the evidence failed to show that he induced fear in any victim is merely an attempt to demonstrate that "the Commonwealth *failed* to prove an element . . . of the offense," which is, legally insufficient to satisfy the ends of justice exception. *Id.* at 221. Burton points to nothing in the record affirmatively proving that an element of the offense did not occur or that his conduct was not criminal. Accordingly, the ends of justice exception does not apply, and Rule 5A:18 bars consideration of his argument.

CONCLUSION

For the foregoing reasons, the circuit court's judgment is affirmed.

*Affirmed.*